**Louis P. FONT**

v.

**The UNITED STATES.**

No. 189–77.

United States Court of Claims.

Feb. 21, 1979.

Louis P. Font, pro se; Gurwitz, Glazer & Font, Cambridge, Mass., of counsel.

Esther G. Boynton, with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant; Anthony Thompson and Levator Norsworthy, Jr., Washington, D. C., of counsel.

Before COWEN, Senior Judge, and DAVIS and KUNZIG, Judges.

ON PLAINTIFF'S MOTION FOR SUM-
MARY JUDGMENT AND DEFEND-
ANT'S CROSS–MOTION FOR SUM-
MARY JUDGMENT

DAVIS, Judge:

Plaintiff Louis P. Font graduated from West Point in 1968 and was commissioned at that time in the Regular Army. In April 1971, then a first lieutenant, he was discharged from the Army honorably, and with entitlement to severance pay to be determined by the Comptroller General. The General Accounting Office later ruled that such pay should not be awarded. Plaintiff now sues for the severance pay to which he says he was entitled under statute and regulations.

Lt. Font was discharged for substandard performance of duty. He says, without elaboration, that his work was not substandard. He also says that the Army had an animus against him, particularly because of his opposition to the Vietnam conflict and his conscientious objection to that war. Fortunately we need not probe these matters because plaintiff does not challenge the validity of his discharge, and his right to severance pay depends on general legislation and regulations.

In skeletal form, what happened was this: Plaintiff was notified, late in February 1971, that he had been recommended for elimination from the Army for substandard performance of duty. He responded by trying to resign or be discharged (both with severance pay) but his resignation and request for discharge were not accepted at that time. The recommendation for elimination was forwarded by the First Army at Fort George G. Meade (where plaintiff was stationed) to The Adjutant General in Washington. The case then went to an Army Substandard Elimination Selection Board with recommendations for elimination and supporting material said to show Font's substandard performance of his duties. That Board considered the matter and recommended a general discharge (under honorable conditions). Pursuant to instructions from The Adjutant General, the First Army then informed plaintiff that the board of officers (at Army Headquarters) had determined that he was to be eliminated because of substandard performance of duty. He was advised that he could elect one of three options: (1) request discharge but with either a general or honorable discharge (as determined by Army Headquarters) and in either event without severance pay; (2) submit a written rebuttal; or (3) submit a statement that he did not desire to refute the allegations against him. Plaintiff refused to accept any of these options, insisting on an honorable discharge together with severance pay. The Substandard Elimination Selection Board reaffirmed its recommendation that he should be separated with a general discharge. The Under Secretary of the Army then decided that he was to be eliminated but with an honorable discharge. The question of severance pay should be submitted, the Under Secretary said, to the Comptroller General, "with the understanding that severance pay will be paid unless the Comptroller General rules that it is not permitted

by law." Lt. Font was then discharged honorably under special orders which gave as the reason for his discharge: "Discharge for reasons involving board action or in lieu thereof, due to substandard performance of duty." As we have pointed out, the Comptroller General subsequently held that he was not entitled to severance pay.

█ Everyone recognizes that this is a tale of two statutes. Because he was still in his first three years of commissioned serve as a regular officer, the Army had a choice of legislation under which to discharge him if it believed that his performance was substandard or there were other reasons to separate him. One was Chapter 361 of Title 10 of the United States Code; Section 3814 of that chapter declares flatly that "[t]he Secretary of the Army may discharge a regular commissioned officer who has less than three years of continuous service as a commissioned officer therein." 10 U.S.C. § 3814 (1976). Apparently no reason need be given.[1] Severance pay has not been provided by Congress for a discharge under this statute.

Another route was Chapter 359 of Title 10—"Separation from Regular Army for Substandard Performance of Duty." 10 U.S.C. §§ 3781–3787 (1976). Severance pay is provided for discharges under Chapter 359.[2] 10 U.S.C. § 3786(a)(b)(2) (1976). From both the all-inclusive language of Chapter 359 and its legislative history, it is plain that that chapter was available for regular officers with less than three years service—along with Chapter 361. As originally introduced, the bill first embodying what is now Chapter 359 provided severance pay only for officers who had served more than seven years. At the congressional hearings, the then War Department asked that all Regular Army officers who had served one year be eligible for severance pay, suggesting at one point that "Ev-

---

**1.** The only statutory limitation to use of § 3814 is that "such an officer may not be discharged because of his marriage, unless the marriage occurred within one year after the date of his original appointment." *Id.*

**2.** Chapter 360 of Title 10—"Separation from Regular Army for Moral or Professional Dereliction or in Interests of National Security" (§§ 3791–3797)—likewise provides for severance pay. 10 U.S.C. § 3796(b)(2) (1976).

ery officer comes in on a probationary status for 3 years. That is the time to eliminate him—in his early years. We expect to do that." *See To Provide for the Selection for Elimination and Retirement of Officers of the Regular Army, for the Equalization of Retirement Benefits for Members of the Army of the United States, and for Other Purposes: Hearings on H.R. 2744 Before Subcomm. No. 7, Retirement, of the House Armed Services Comm.,* 80th Cong., 1st Sess. 3342 (1947); *id.* at 3327, 3340 (Statement of Lt. Col. E. J. Latozewski).

The Committee adopted this change, and its report expressly referred to use of the new procedure for younger officers, including those during their first three years: "Under the rules now in force an officer who is commissioned as a second lieutenant is on probation for 3 years. During this period many of these officers will probably indicate weaknesses which show them to be unfit to continue as commissioned officers. Also, it is believed that during the years immediately following their probationary period that should they have any weaknesses of aptitude, diligence, character, or habits these weaknesses should manifest themselves. Consequently, such officers would, under the proposed procedure in this act, be eliminated before they have attained too long a service and the Government has spent too much money in keeping them on the rolls." H.R.Rep.No.816, 80th Cong., 1st Sess. 7 (1947).

It is indisputable from this history that Chapter 359 was meant to be usable for younger officers, including those within the three-year probationary period. At the same time, there was no purpose to close Chapter 361 as an available avenue of separating probationary officers within their first three years. *See* H.R.Rep.No.816, 80th Cong., 1st Sess. 7 (1947); S.Rep.No.1543, 80th Cong., 2d Sess. 3, *reprinted in* [1948] U.S.Code Cong. & Admin.News pp. 2161, 2163.

■ Thus, the problem before us, since both tracks were open to it, is whether the Army proceeded under Chapter 359 or under Chapter 361 in Lt. Font's case. This puzzle is not simple of solution due to the opaqueness of the Army's regulations; also, the pertinent regulations do not manifest what statute they are implementing and critical ones may rest on both one or another of the statutory chapters. But we are satisfied, considering the totality of the regulations and the procedures used here, that Chapter 359 was the one which was utilized and that its path was the one the Army followed.

We look first to that statute to see whether its terms can cover plaintiff and his case. Chapter 359, as we have already mentioned, concerns elimination for substandard performance of duty. Proceedings under that chapter come into play when the Secretary of the Army "convene[s] a board of officers to review the record of any commissioned officer on the active list of the Regular Army to determine whether he shall be required, because his performance of duty has fallen below standards prescribed by the Secretary, to show cause for his retention on the active list." 10 U.S.C. § 3781 (1976). Because plaintiff's case did not pass through all the steps of Chapter 359, it is necessary to note only that under § 3786(a) (an integral part of Chapter 359), "At any time during proceedings under this chapter and before the removal of an officer from the active list of the Regular Army", the Secretary can grant his request for (1) voluntary retirement if he is qualified for retirement or "(2) for honorable discharge with severance benefits under subsection (b)." 10 U.S.C. § 3786(a) (1976). Subsection (b), in turn, declares that each officer removed from the active list of the Regular Army under Chapter 359 shall, if not eligible for voluntary retirement, "be honorably discharged in the grade then held with severance pay computed by multiplying his years of active commissioned service, but not more than 12, by one month's basic pay of that grade." 10 U.S.C. § 3786(b) (1976).[3]

---

**3.** The legislative history makes it plain that a regular officer who comes under § 3786 is enti-tled, as a matter of law rather than mere discretion, to an honorable discharge with sever-

These provisions readily embrace plaintiff's situation. A board of officers, the Substandard Elimination Selection Board, was convened to review his record to determine whether he should be required to show cause for retention on the active list—and the ground of the inquiry was whether his performance of duty had fallen below prevailing standards. Defendant says that in fact Lt. Font was not ordered "to show cause," in the sense that he was not offered an actual hearing,[4] and therefore that no proceedings under Chapter 359 were ever begun. But § 3781 does not apply only where "show cause" is in fact required; it applies whenever a board is convened to determine *whether* an officer shall be required "to show cause," and the board here undoubtedly had that power with respect to Lt. Font. *See* AR 635–100, Section IX, ¶ 5–30 (1970). The board could have ordered a "show cause" hearing, though it decided not to. Accordingly, proceedings under Chapter 359 had plainly begun when the Substandard Elimination Selection Board considered plaintiff's case. This triggered the operation of § 3786, which declares that "*At any time* during proceedings under this chapter" before actual removal (emphasis added), 10 U.S.C. § 3786(a) (1976), the officer can request and obtain an honorable discharge with severance benefits (if, like plaintiff, he is not entitled to voluntary retirement). That is precisely what Lt. Font sought. We have no doubt, then, that

Chapter 359 could be applicable to plaintiff and that nothing in the statute itself prevented its use in his case.

Did the Army's own regulations foreclose this use of Chapter 359? The pertinent regulations are extraordinarily complicated and in many places ambiguous. But on the whole we think that they do not preclude use of Chapter 359 for a probationary officer like plaintiff, i. e., a probationary officer who is discharged at his own request after the Substandard Elimination Selection Board has met to pass on his case and has recommended elimination (though it has not required him to "show cause" formally).

AR 635–100, Chapter 5, appears to deal with the elimination of officers under Chapters 359 and 360, and perhaps other provisions as well (including in some respects Chapter 361).[5] Defendant relies heavily on the inclusion in AR 635–100 of a Section IX, "Elimination of Officers With Less Than 3 Years' Service."[6] This is said to show that § 3814 of Chapter 361 was being invoked since that statutory provision applies specifically to such probationary officers. But we have already pointed out that Chapter 359 likewise applies to these 3-year officers, and nothing in Section IX names Chapter 361 (or § 3814) or indicates that Chapter 361 is the only basis for its provisions.[7] More than that, with respect to officers who are proceeded against because of substandard performance of duty (as was Lt. Font),

---

ance (or retirement) pay. *See* S.Rep.No.1543, 80th Cong., 2d Sess. 4, *reprinted in* [1948] U.S. Code Cong. & Admin.News pp. 2161, 2164; H.R.Rep.No.816, 80th Cong., 1st Sess. 7 (1947).

4. We assume *arguendo* for this case that "to show cause" has this very technical meaning and does not cover the proffer to plaintiff of an opportunity to supply a written rebuttal to the charges against him.

5. AR 635–120 (1968) also deals with elimination of officers. The portions of both AR 635–100 and AR–120 which have been cited to us do not tell what particular statutory provisions they are implementing.

6. This Section IX was referred to (along with Section IV, which applies to all officers) in the initial notification to plaintiff that he was being considered for elimination.

7. As best as we can make out, Section IX seems to cover elimination of regular officers under Chapter 359 (for less-than-3-year regular officers charged with substandard performance of duty), Chapter 360 (for less-than-3-year regular officers charged with moral or professional dereliction or in the interest of national security), and Chapter 361 (for less-than-3-year regular officers sought to be eliminated on certain other grounds). It is not without significance that Section IX covers non-regular officers of less than 3 years' service, as well as such regulars. Section 3814 of Chapter 361, which the Government sees as the sole basis of Section IX, applies only to regulars. Elimination of non-regulars would have to have another statutory foundation.

there is nothing in Section IX which is at all inconsistent with our understanding of the application of Chapter 359.[8]

Not only do the regulations, including Section IX of AR 635–100, fail to bar the use of Chapter 359 for this type of case, but there is an important affirmative indication that Chapter 359 was meant as the source of all proceedings to eliminate regular officers (including less-than-three-year officers) for substandard performance of duty. For probationary regular officers, Section IX, para. 5–30c expressly declared that once "the selection board determines that the officer should be eliminated (other than those required to show cause)"—and that was plaintiff's status—the officer is to be given the option (among others) of tendering his resignation "or in the case of Regular Army officers, *elect discharge (Ch. 10, AR 635–120)* \* \* \*" (emphasis added). This explicit cross-reference to Chapter 10 of AR 635–120 is striking for Chapter 10 ("Discharge In Lieu Of Or As A Result Of, Elimination Proceedings") of AR 635–120, para. 10–3, squarely declares, with respect to severance pay, that "A Regular Army commissioned officer who is separated as a result of elimination proceedings or at his own request in lieu of elimination proceedings after receiving notification of selection

board action is entitled to severance pay." The language of this provision blankets plaintiff as snugly as can be; he is a Regular Army commissioned officer who was separated "at his own request in lieu of elimination proceedings after receiving notification of selection board action" recommending him for elimination on the ground of substandard performance of duty. Nothing in this paragraph of the regulations excludes probationary officers with less than 3 years of service, nor is there anything saying that an officer is eligible for severance pay only if he has been technically ordered to "show cause" (*i. e.*, sent before a board of inquiry for a full dress hearing).

Defendant contends that either or both of these conditions should be read into the paragraph, but there is no good reason for a court to do so when the Army did not. As for the presumed "show cause" requirement, that is simply not in the regulations as written, nor is it one of the statutory preconditions of Chapter 359 (as we have already shown, *supra*.)[9] Excluding less-than-3-year probationary officers from para. 10–3c is also contrary to its own broad terms which show that the Army was invoking Chapter 359 rather than Chapter 361. On the supposition that § 3814 of

---

**8.** For instance, the Section calls for reference of an elimination recommendation for less-than-3-year officers to a selection board (apparently convened under § 3781 of Chapter 359) and then authorizes that board to require the officer to "show cause" in appropriate cases. "All such show-cause cases will be processed under this regulation in the same manner as the cases of officers with 3 or more years of service \* \* \* \*." AR 635–100, Section IX, ¶ 5–30b (1970).

**9.** Indeed, para. 10–1a of Chapter 10 of AR 635–120 reinforces the reading of para. 10–3b as not limited to officers required to "show cause." Para. 10–1a provides: "A Regular Army commissioned officer who has been recommended for elimination by a general court-martial convening authority *or* who has been selected by a Department of the Army selection board for elimination *or* to show cause why he should not be eliminated pursuant to AR 635–105, may request discharge in lieu of elimination action." [emphasis added] Board selection (without a "show cause" order) is listed independently as opening the door to "discharge in lieu of elimination action." Para. 5–30c of Section IX of

AR 635–100, quoted *supra*, carries out the very same theme by declaring that probationary officers, when a board has determined they should be eliminated (without a "show cause" order), can elect discharge under Chapter 10 of AR 635–120.

Para. 10–2a of Chapter 10 of AR 635–120 also tends to support recovery of severance pay. It provides: "Requests for discharge under the provisions of this chapter will be prepared in format shown in Figure A–4 (if being considered for elimination for substandard performance of duty) \* \* \*." Figure A–4 calls for an honorable discharge *with* severance pay. In the course of the proceedings against Lt. Font, the Army tried to have him execute Figure A–4 changed so as to acquiesce in either an honorable or a general discharge and to recognize that he would not be entitled to severance pay. He refused to do so, rightly claiming that this demand was contrary to Chapter 10 of AR 635–120, *supra*, and by necessary implication in conflict with Section IX of AR 635–100, para. 5–30c(1)(a), *supra*.

Chapter 361 was the sole statutory foundation for the proceedings against plaintiff, the Government argues at length that para. 10–3b is invalid (as applied to him) because Chapter 361 does not authorize severance pay. But there is no shadow on the validity of the paragraph if Chapter 359 is the source of the proceedings eliminating Lt. Font. And the existence of para. 10–3b on the books—with its broad and unconfined coverage—is perhaps the most telling indication that the Army elected to invoke Chapter 359 in its proceedings against all Regular Army officers (including probationary ones) for elimination for substandard performance. We think that this was the Army's own permissible choice, and that both the Army and we have to respect it. *Service v. Dulles*, 354 U.S. 363, 372, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Vitarelli v. Seaton*, 359 U.S. 535, 539–40, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974).

There is little doubt, moreover, that plaintiff was proceeded against for the substandard performance which Chapter 359 covers. The letter notifying him that he had been initially recommended for elimination referred to his substandard performance of duty. His commander's recommendation to the First Army cited plaintiff's "overall substandard performance of duty." When the file reached Washington, it was referred to the Substandard Elimination Selection Board, with letters and materials reciting plaintiff's failures in performance.[10] The Board made a finding of substandard performance of duty and plaintiff was advised of this finding. The special order discharging him explicitly referred to "substandard performance of duty." His discharge certificate cites Chapter 10 of AR 635–120, which relates to elimination for substandard performance of duty and (as we have already discussed) affirmatively provides for severance pay.

The only reference within the Army to Chapter 361 which we have seen in the record (as supplied to us) is in the internal memorandum of the Under Secretary of the Army approving (on April 10, 1971) plaintiff's elimination and ordering that his discharge be honorable.[11] This mention of Chapter 361 does not say that Lt. Font's elimination was founded on that statute and, in any event, could not change the procedure ordained by the regulations which, as we have seen, affirmatively appear to rest on Chapter 359.

Both the Office of the Judge Advocate General of the Army and the General Accounting Office ruled that plaintiff is not entitled to severance pay, but we are not persuaded by either determination. The Office of the Judge Advocate General seems to assume, contrary to the statutory reading we believe to be correct, that Chapter 359 cannot apply to a probationary officer unless he is actually ordered to "show cause" in the technical meaning defendant attributes to that term.[12] (This ruling is

---

**10.** The record shows, significantly, that Army Headquarters in Washington cautioned that "the allegation of intentional neglect and failure to perform duties should not be used in developing the case as it falls within the purview of moral or professional dereliction." The Board was also told not to make comments in Font's records indicating moral or professional dereliction, and the Board's report says that it did not consider such comments or allegations. The obvious reason for these observations is that moral or professional dereliction falls under Chapter 360 (*see* note 2, *supra*), not under Chapter 359.

**11.** The Under Secretary said:
"The question of severance pay is clouded by the existence of a recent opinion by the Office of The Judge Advocate General expressing the view that severance pay in eliminations under Chapter 361 of Title 10 is not authorized. This opinion supersedes an earlier opinion by the same office on the same subject. In view of the circumstances of this case, and the fact that items of pay must be specifically authorized by statute, the question of Lt. Font's entitlement to severance pay should be submitted to the Comptroller General for decision, with the understanding that severance pay will be paid unless the Comptroller General rules that it is not permitted by law."

**12.** In this connection, we add that we fail to see any policy reason—and none has been articulated to us—for giving severance pay to probationary officers who have actually been ordered to "show cause," and not to those probationary officers, like plaintiff, who are allowed only to

conceded to be contrary to one issued by the Office of the Judge Advocate General in 1968, just a few years earlier).

The Comptroller General makes the same mistake as to the coverage of Chapter 359 but goes even further to declare that, even if a probationary officer is called upon to "show cause," his case must fall under Chapter 361 rather than Chapter 359. As we have spelled out, our opinion is that this conclusion is required neither by the statutes nor by the regulations. The Accounting Office reaches it by what we regard as an incorrect reading of Chapter 359 and a strained interpretation of the regulations resting on the unsupported and incorrect assumption that they must be implementing Chapter 361 whenever a probationary officer is involved.[13]

For these reasons, plaintiff is entitled to recover his severance pay. His motion for summary judgment is granted and the defendant's motion is denied. The case is remanded to the Trial Division for further proceedings under Rule 131(c).

file a written rebuttal to a notice of proposed elimination.

13. Both the Office of the Judge Advocate General and the General Accounting Office recognized that their position was contrary to provisions of AR 635–120, *supra*—thus conceding inability to harmonize the pertinent regulations. As discussed above, we think that the regulations can and should be read in harmony.